# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

———————

No. 25-40073
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Olamide Olatayo Bello,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-136-1

———————————————————————

Before Southwick, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Olamide Olatayo Bello moves to appeal *in forma pauperis* the following rulings issued by the district court prior to its entry of a final judgment of conviction for conspiracy to commit wire fraud and conspiracy to commit money laundering: (i) a January 6, 2025 order denying his motion to dismiss the original indictment, which argued, in part, that his pretrial release was

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erroneously revoked; (ii) a January 7, 2025 order denying in part and granting in part several motions to suppress; (iii) a January 13, 2025 oral order denying his motion for a 90-day continuance and for immediate temporary release; and (iv) a January 27, 2025 order denying his motion to dismiss count 2 of the superseding indictment on the ground that it violated the merger doctrine. Bello filed this interlocutory appeal of these pretrial rulings before his sentencing. The district court subsequently entered a final judgment of conviction, which Bello appealed in another case. The clerk dismissed that appeal on September 17, 2025, for want of prosecution.

We already have dismissed Bello's separate appeal of the district court's January 6, 2025 order. *See United States v. Bello*, No. 25-40162 (5th Cir. Sept. 16, 2025) (unpublished three-judge order). Moreover, although denials of a defendant's request for immediate release and a defendant's claim that his pretrial release was erroneously revoked are analogous to the denial of a motion to reduce bail, which is an appealable interlocutory ruling under the collateral order doctrine, and a defendant's claim that his indictment violated the merger doctrine may also be appealable under the collateral order doctrine, such an appeal "becomes moot" if, as here, "review awaits conviction and sentence." *Flanagan v. United States*, 465 U.S. 259, 266 (1984); *see United States v. MacDonald*, 435 U.S. 850, 855-57 (1978). The remaining rulings being appealed "merged into the final judgment terminating the action," and are subject to review on appeal from the final judgment. *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983).

IT IS ORDERED that the Government's motion to dismiss the appeal is GRANTED and that the appeal is DISMISSED. All outstanding motions are DENIED.